IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-1274 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| STAN CURRIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff American Transport, Inc.'s Motion for Judgment on the Pleadings (Doc. 27). For the reasons that follow, the motion is denied.

In essence, Plaintiff argues that Defendant Stan Currie, who proceeds in this case *pro se*, signed a Close-Out Agreement with Plaintiff in which Mr. Currie agreed to the "full and final settlement for commissions due and payable" for two projects on which the parties worked. (Doc. 1, Exh. B). Mr. Currie received and accepted $59,237.71 for the projects as a result of the Close-Out Agreement.

Mr. Currie counters that he was deceived by Plaintiff when it calculated the final close-out and that the spreadsheets provided to him by Plaintiff "did not consider all monies owed" to him. (Doc. 31 at 2). In response, Plaintiff argues that Mr. Currie simply "changed his mind," and negligently failed to look at all of information in his possession prior to executing the Close-Out Agreement. (Doc. 28 at 7).

Judgment under Federal Rule of Civil Procedure 12(c) may be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Knepper, et al. v. Rite Aid Corporation, 675 F.3d 249, 257 (3d Cir. 2012). To put it simply, when viewed in the light most

favorable to Mr. Currie, several issues of fact remain in this case, including, but not limited to: what information was available to Mr. Currie prior to executing the agreement; whether Mr. Currie negligently failed to review the records in his possession prior to executing the contract; and whether there was active deceit by Plaintiff as to the monies owed to Mr. Currie that induced him to sign the Close-Out Agreement.  The Court cannot reach these issues on the record before it and, therefore, cannot grant Plaintiff's motion.

AND NOW, this 12th day of October, 2012,

IT IS HEREBY ORDERED that Plaintiff's Motion for Judgment on the Pleadings (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that, consistent with the Order of this Court of August 1, 2012 (Doc. 33), binding arbitration shall be completed by the parties on or before **November 26, 2012**.

IT IS FURTHER ORDERED that, in light of the alleged issues regarding Mr. Currie's deposition, see (Doc. 35), the period to complete discovery is extended until **November 16, 2012**.

| | |
|---|---|
| October 12, 2012 | s\Cathy Bissoon<br>Cathy Bissoon<br>United States District Judge |

cc (via ECF email notification):

All Counsel of Record

STAN CURRIE
2002 Summerall Court
Richmond, TX 77406